# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-609V
### Filed: January 20, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
HAROLD PADDLETY,                    *
                                    *
            Petitioner,             *       Joint Stipulation on Damages;
                                    *       Influenza ("Flu") Vaccination;
                                    *       Guillain-Barre Syndrome ("GBS");
SECRETARY OF HEALTH                 *       Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer, Conway, Homer, & Chin-Caplan, P.C., Boston, MA, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On July 14, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"].  Petitioner alleges that he suffered Guillain-Barre Syndrome ["GBS"] as a result of his influenza ["flu"] vaccination on September 26, 2011.  Petition at 1; Stipulation, filed January 19, 2016, ¶¶ 2, 4.  Petitioner further alleges that he has experienced the residual effects of his injury for more than six months, and has received no prior award or settlement of a civil action for damages as a result of his injury.  Petition, ¶¶ 59-60; Stipulation, ¶ 5.  "Respondent denies that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities."  Stipulation, ¶ 6.

Nevertheless, on January 19, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

a.  A lump sum of $161,281.88 in the form of a check payable to petitioner and The Arizona Health Care Cost Containment System (AHCCCS), P.O. Box 10530, Phoenix, AZ 85064. Petitioner agrees to endorse this payment to the AHCCCS. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of Harold Paddlety from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 5, 2011, under Title XIX of the Social Security Act; and

b.  A lump sum of $195,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U .S.C. §300aa-15(a).

Stipulation, ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

HAROLD PADDLETY,                          )
                                          )
                    Petitioner,           )
                                          )
        v.                                )    No. 14-609V
                                          )    Chief Special Master Dorsey
SECRETARY OF HEALTH AND HUMAN             )
SERVICES,                                 )
                                          )
                    Respondent.           )
                                          )

STIPULATION

The parties hereby stipulate to the following matters:

1. Harold Paddlety, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received his flu immunization on September 26, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged Guillain-Barre Syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a. A lump sum of $161,281.88 in the form of a check payable to petitioner and The Arizona Health Care Cost Containment System (AHCCCS), P.O. Box 10530, Phoenix, AZ 85064. Petitioner agrees to endorse this payment to the AHCCCS. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on behalf of Harold Paddlety from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 5, 2011, under Title XIX of the Social Security Act; and

   b. A lump sum of $195,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §

1396 et seq.)), or by entities that provide health services on a pre-paid basis.

    11.  Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in

accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

    12.  The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C.

§ 300aa-15(g) and (h).

    13.  In return for the payment described in paragraph 8 and any amount awarded pursuant

to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors,

administrators, successors or assigns, does forever irrevocably and unconditionally release,

acquit and discharge the United States and the Secretary of Health and Human Services from any

and all actions or causes of action (including agreements, judgments, claims, damages, loss of

services, expenses and all demands of whatever kind or nature) that have been brought, could

have been brought, or could be timely brought in the Court of Federal Claims, under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any

way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination

administered on September 26, 2011, as alleged by petitioner in a petition for vaccine

compensation filed on or about July 14, 2014, in the United States Court of Federal Claims as

petition No. 14-609V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

4

Respectfully submitted,

PETITIONER:

*HAROLD PADDLETY*
HAROLD PADDLETY

ATTORNEY OF RECORD FOR
PETITIONER:

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER          Rule 83.1(c)(=)
Conway, Homer & Chin-Kaplan, P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*A. Melissa Houston*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

Dated: *1-19-16*

5